CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 03 2017
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICOLE CHANTELL BANKS, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF CORRECTIONS, ) <br> Defendant. ) | Civil Action No. 7:17-cv-00404 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> Chief United States District Judge |

Nicole Chantell Banks, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Department of Corrections as the sole defendant. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because the Department of Corrections is not amenable to suit via § 1983, and thus, the complaint fails to state a claim upon which relief may be granted. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); West v. Atkins, 487 U.S. 42, 48 (1988). To the extent Plaintiff may be able to name a "person" subject to suit via § 1983, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief may be granted against a person acting under color of state law. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). If Plaintiff chooses not to file the motion within ten days, Plaintiff would not be prejudiced because she is allowed to file a complaint in a new and separate action at the time of her choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).

ENTER: This 3rd day of November, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge